UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 18-cr-20767 |
| Plaintiff, ) | Hon. Robert N. Scola |
| ) | |
| vs. ) | |
| ) | |
| JUAN PABLO MOSQUERA OVIEDO ) | |
| ) | |
| ) | |
| Defendant ) | |
| _____/ | |

**REPLY TO GOVERNMENT'S RESPSONSE IN OPPOSITION TO MEMORANDUM IN SUPPORT OF DOWNWARD VARIANCE AND REQUEST FOR TIME-SERVED & VOLUNTARY DEPARTURE FROM THE UNITED STATES**

JUAN PABLO MOSQUERA OVIEDO respectfully files this Reply to ECF No. 87.

### A. Acceptance of Responsibility

Mr. Mosquera has accepted responsibility for his conduct. Mr. Mosquera signed a Spanish and an English version of a factual proffer which was prepared by Mr. Mosquera and counsel.[1] The written proffer was submitted to the court in support of his guilty plea. Mr. Mosquera also confirmed to the court that each of the representations therein were accurate. Mr. Mosquera has therefore accepted responsibility. Accordingly, Mr. Mosquera is entitled to a 3-point reduction.

---

[1] The government quotes from the written proffer extensively in their Response to explain the underlying factual conduct in this case. (EFC No. 87 at 1-3)

1

### B. Obstruction Cases Cited by the Government Fail to Justify the Requested Guidelines Sentence

None of the cases cited by the government support the imposition of a low-end-78-month sentence in this case.

*United States v. Novaton*, 271 F.3d 968 (11th Cir. 2001) is easily distinguishable. There, the corrupt police officer participated in the underlying drug activity.

Similarly, *Martinez* involved much more egregious conduct. An excerpt from the Second Circuit decision is telling:

> The evidence with respect to the § 1512 obstruction counts on which Tejada was convicted at his first trial included internal police records as to searches by Tejada of NYPD databases, and testimony by several cooperating witnesses as to, *inter alia*, **Tejada's involvement in the conspiracies to rob drug dealers and to profit by selling the proceeds**, including testimony from Yvan Tineo, a close friend of Tejada since the early 1990s and a member of the conspiracy since 2003, recruited by Cano–Martinez. In 2006, Tineo recruited Tejada, who was then a police officer, to join the conspiracy. **Tineo testified about several robberies that he and Tejada committed either alone or with other coconspirators (see also Part IV.B. below), including NYPD officer Jorge Arbaje–Diaz, and about his own and Tejada's reactions when law enforcement started closing in.**

*United States v. Martinez*, 862 F.3d 223, 236 (2d Cir. 2017) (emphasis added).

*Brensen* fares no better. *United States v. Brenson*, 104 F.3d 1267, 1275 (11th Cir. 1997). In *Brensen,* the defendant was caught leaking grand juror information to targets of a drug and money laundering conspiracy that the grand jury which he sat on was investigating. After he was caught red-handed, he agreed to cooperate but then he tipped off additional potential targets about his arrest and cooperation. And, at his change of plea, Brensen could not bring himself to admit guilt, his plea colloquy was rejected, he proceeded to trial, and was convicted.

Finally, *U.S. v. Pompey*, 17 F.3d 351, 352 (11th Cir. 1994) supports Mosquera's request for time served. There, the defendant's initial total offense level was 28 (2 points lower than Mosquera) but defendant received a 41-month sentence after the court imposed a 4-level role

2

adjustment for minimal participant. Yet, Pompey's conduct was fundamentally different from the conduct committed by Mosquera. Pompey attempted to "fix" cocaine trafficking charges against his son Bruce Pompey by arranging to bribe an agent of the Drug Enforcement Agency ("DEA"). Although he was later charged under federal law for drug trafficking, Bruce Pompey was in state custody on state charges at the time defendant participated in the bribery conspiracy

### C. Davila's Cooperation did not Contribute in any way to the Guilty Plea in this Case

Despite the government's speculation, the decision to plead guilty in this case had nothing to do with Davila-Bonilla or his anticipated testimony. ECF No. 87 at 9 ("it seems very possible that, without Davila's cooperation, Mosquera would have elected to go to trial himself"). After careful evaluation of the facts -- which Mosquera has never disputed[2] -- and the application of the evolving jurisprudence in this area to those facts, Mr. Mosquera and his counsel fashioned a written factual proffer and Mr. Mosquera entered a plea of guilty.[3] Furthermore, prior to the scheduled trial date, counsel's understanding based on phone calls with the government prior to the scheduled trial date was that the government might not even call Davila-Bonilla as a trial witness given his credibility issues, and his sordid history as a convicted international drug trafficker and money launderer. Thus, while Mr. Davila's decision to cooperate may have assisted the government in

---

[2] No motions *in limine* were filed, no motions to suppress were filed, and no objections to exhibits were filed.

[3] Up until the eve of trial, as the government knows (given the extensive email correspondence) counsel had continuing reservations about the government's theory of the obstruction in this case, as a matter of law, including its nexus theory. Counsel's reservations also manifested themselves, in part, in the Motion to Dismiss filed on the eve of the scheduled trial date. ECF No. 68. The Motion highlighted, among other things, the need to glean more information from the government about which official proceeding was found by the grand jurors to be the object of the obstruction offense and the government's conflation of K.P.L. and P.L. in pleadings, including in the Rule 11 factual proffer of Mr. Davila which refers to P.L and K.P.L interchangeably. *Id.*

catching other international drug traffickers like Mr. Davila (*See* Ex. C to ECF No. 86, Sealed), it played no role at all in Mr. Mosquera's decision to plead guilty.

## **CONCLUSION**

For each of these reasons, and for the reasons previously raised in Mr. Mosquera's Memorandum (ECF No. 86), Mr. Mosquera respectfully submits that a sentence of time served is warranted in this case.

Respectfully submitted,

*/s/ Andrew S. Feldman*
Andrew S. Feldman
afeldman@feldmanpllc.com
FELDMAN FIRM PLLC
150 Southeast 2nd Avenue, Suite 600
Miami, Florida  33131
Telephone (305) 714-9474

*/s/ Daniel Hentschel*
Daniel Hentschel
Hentschel & Lanza PLLC
2665 South Bayshore Drive
Ste 220
Miami, FL 33133
305-440-4015
Fax: 305-440-4018
Email: dhentschel@hxl-law.com
***Attorneys for Defendant***

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I filed the foregoing via CM/ECF which was served on all counsel of record authorized to receive service.

*/s/ Andrew S. Feldman*